# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# AT BECKLEY

(CHIEF) COL. MICHAEL S. OWL
FEATHER-GORBEY,

        Plaintiff,

v.                                                                     CIVIL ACTION NO. 5:21-cv-00091

LT. OR OFFICER BROWN, et al.,

        Defendants,

(CHIEF) COL. MICHAEL S. OWL
FEATHER-GORBEY,

        Plaintiff,

v.                                                                     CIVIL ACTION NO. 5:21-cv-00209

SMITH, United Manager, et al.,

        Defendants,

(CHIEF) COL. MICHAEL S. OWL
FEATHER-GORBEY

        Plaintiff,

v.                                                                     CIVIL ACTION NO. 5:21-cv-00210

UNITED STATES OF AMERICA,

        Defendant.

(CHIEF) COL. MICHAEL S. OWL
FEATHER-GORBEY,

       Plaintiff,

v.                                                                     CIVIL ACTION NO. 5:21-cv-00270

MANNING, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending in Civil Action Numbers 5:21-91 and 5:21-270 are Plaintiff Michael S. Owl Feather-Gorbey's Motions to Recuse Both Magistrate Judge Abolhousn and U.S. District Judge Volk for Personal & or Judicial Bias & or Antagonism Towards Gorbey, filed May 26 and 27, 2021. [Docs. 34, 10].[1] Also pending in Civil Action Numbers 5:21-209 and 5:21-210 are Mr. Feather-Gorbey's Motions for Leave to File a Consolidated Motion for Recusal of Magistrate Judge Abolhousn & District Judge Volk in these 2 Sister Cases, filed May 27, 2021. [Docs. 26, 20].[2] The above-styled cases were consolidated on November 1, 2021. [Case No. 5:21-cv-91, Doc. 53].

**I.**

In the instant motions, Mr. Feather-Gorbey contends that the undersigned is unwilling to reasonably manage his docket by failing to timely and effectively address the magistrate judge's PF&Rs. Mr. Feather-Gorbey asserts the undersigned is thus allowing the magistrate judge to *ex parte* collude with the Government and prison staff to impede his access to the Court inasmuch as he has been deemed "a prolific filer." [Docs. 34, 74 at 1]. Mr. Feather-Gorbey contends that such designation causes judges, including the undersigned, to "harber [sic] personal & judicial bias & or antagonism towards [him], which causes them to show favoritism towards parties [he] files about, & rendering the proceedings unfair." [*Id.* at 2].

Regarding Magistrate Judge Aboulhosn, Mr. Feather-Gorbey contends that he "has clearly been exparte colluding with the Government attorneys and prison staff" and "does nothing but trash mouth [him]", thus demonstrating the magistrate judge's personal bias and antagonism

---

[1] Doc. 10 in Case No. 270 docketed in the lead case of the consolidated action as Doc. 74.
[2] Docketed in the lead case of the consolidated action as Docs. 56 and 64.

towards him. [*Id.* at 2-3]. Mr. Feather-Gorbey further asserts that the magistrate judge "seeks to have [him] admonished for filing valid suits & complaints." [*Id.* at 3]. Mr. Feather-Gorbey avers that recusal of both the undersigned and the magistrate judge is warranted inasmuch as they are demonstrating favoritism to the adverse parties and acting with improper motives to "shut him out of" the Court. [*Id.* at 4-5].

## II.

**A. Governing Standard**

Pursuant to 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Our Court of Appeals has observed that the test is an objective one, requiring a judge to "disqualify himself whenever his 'impartiality might reasonably be questioned.'" *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003) (quoting *In re Beard*, 811 F.2d 818, 827 (4th Cir. 1987)). In other words, the proper inquiry to be applied is "whether the judge's impartiality might be questioned by a reasonable, well-informed observer who assesses all the facts and circumstances." *Newport News Holdings Corp., v. Virtual City Vision, Inc.*, 650 F.3d 423, 433 (4th Cir. 2011) (quoting *United States v. DeTemple*, 162 F.3d 279, 286 (4th Cir. 1998)). Absent extraordinary circumstances, "a nonjudicial source must be present to raise the appearance of impropriety." *United States v. Morris*, 988 F.2d 1335, 1337 (4th Cir. 1993). Simply put, "[t]he nature of the judge's bias must be personal and not judicial." *Beard*, 811 F.2d at 827. Additionally, a reasonable observer "is not a person unduly suspicious or concerned about a trivial risk that a judge may be biased." *DeTemple*, 162 F.3d at 287. "A presiding judge is not, however, required to recuse himself simply because of unsupported, irrational, or

highly tenuous speculation" or because a judge "possesses some tangential relationship to the proceedings." *Cherry*, 330 F.3d at 665 (internal quotations omitted).

Section 455(b), in turn, provides a list of situations requiring recusal, including where a judge "has a personal bias or prejudice concerning a party." 28 U.S.C. 455(b)(1). Like Section 455(a), "§ 455(b)(1) carr[ies] an 'extrajudicial source limitation' . . . under which bias or prejudice must, as a general matter, stem from 'a source outside the judicial proceeding at hand' in order to disqualify a judge." *Belue v. Leventhal*, 640 F.3d 567, 572 (4th Cir. 2011) (quoting *Liteky v. United States*, 510 U.S. 545-551 (1994)). In applying the extrajudicial source limitation, the Supreme Court has recognized that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. The high court went onto explain that, without more, such rulings alone "cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved." *Id.* at 555.

**B.** **Analysis**

In the instant motions, Mr. Feather-Gorbey has failed to point to any extrajudicial source of bias or prejudice that would warrant recusal of the undersigned or the magistrate judge under Sections 455(a) or (b)(1). Although Mr. Feather-Gorbey accuses the magistrate judge of "ex-parte colluding" with the Government and contends the undersigned has permitted such conduct, he provides no evidence supporting these bare assertions. Instead, it appears the bulk of Mr. Feather-Gorbey's contentions arise from his disagreement with the magistrate judge's Proposed Findings and Recommendations, which recommend revocation of his IFP status given his history of frivolous filings. As previously mentioned, however, mere disagreement with

judicial rulings and unsupported allegations of bias, without more, are insufficient to warrant recusal. "Likewise, judicial remarks that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Belue*, 640 F.3d at 574 (internal quotations omitted). Simply put, the Court concludes Mr. Feather-Gorbey's allegations of bias and favoritism are unsupported and thus insufficient to raise the appearance of any impropriety to a reasonable observer on the part of either the undersigned or the magistrate judge.

### III.

Accordingly, the Court **DENIES** Mr. Feather-Gorbey's Motions to Recuse Both Magistrate Judge Abolhousn and U.S. District Judge Volk for Personal & or Judicial Bias & or Antagonism Towards Gorbey. [**Docs. 34, 74**]. Insofar as Mr. Feather-Gorby seeks leave to file a consolidated motion for recusal of the magistrate judge and the undersigned in Civil Action Numbers 5:21-cv-00209 and 5:21-cv-00210 based on the same contentions addressed herein, the Court likewise **DENIES** such motions. [**Docs. 56, 64**].

The Clerk is directed to send a copy of this written opinion and order to counsel of record and to any unrepresented party.

ENTER: November 2, 2021



Frank W. Volk
United States District Judge