UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

(CHIEF) COL. MICHAEL S. OWL
FEATHER-GORBEY,

        Plaintiff,

v.                                                              CIVIL ACTION NO. 5:21-cv-00091

LT. OR OFFICER BROWN, et al.,

        Defendants,

(CHIEF) COL. MICHAEL S. OWL
FEATHER-GORBEY,

        Plaintiff,

v.                                                             CIVIL ACTION NO. 5:21-cv-00209

SMITH, United Manager, et al.,

        Defendants,

(CHIEF) COL. MICHAEL S. OWL
FEATHER-GORBEY

        Plaintiff,

v.                                                             CIVIL ACTION NO. 5:21-cv-00210

UNITED STATES OF AMERICA,

        Defendant.

(CHIEF) COL. MICHAEL S. OWL
FEATHER-GORBEY,

        Plaintiff,

v.                                                             CIVIL ACTION NO. 5:21-cv-00270

MANNING, et al.,

        Defendants.

## **MEMORANDUM OPINION AND ORDER**

Pending is (Chief) Col. Michael S. Owl Feather-Gorbey's Objections & Motion Under Rule 59(e) or 60(b) for Reconsideration of Order or, as an Alternative, Notice of Appeal in All Cases ("Motion to Reconsider"). [Doc. 83]. This was docketed and processed as an appeal, which remains pending before the United States Court of Appeals for the Fourth Circuit.[1] [Docs. 83 - 85]; *see Michael Gorbey v. Morris*, Fourth Circuit Case No. 21-7684.

Also pending are his Omnibus Motion for Return of Filing Fees Seized in Cases 5:21-cv-00091, 209 & 210 and Demand for Compensation for Related Damages ("Motion for Return of Filing Fees") [Doc. 86]; his Rule 36 Motion to Cure Clerical-Judicial Mistakes ("Motion to Cure") [Doc. 90]; his Motion to Reconsider Denial of Leave to Proceed 1915(g) & or Order of Dismissal ("Second Motion to Reconsider") [Doc. 95]; and his Renewed Motion to Recuse Judges Volk, Aboulhosn, Johnston, & or Tinsley & Eifert ("Renewed Motion to Recuse") [Doc. 95].

## **II.**

Mr. Feather-Gorbey filed two separate Motions for Reconsideration, the first of which was processed as an appeal before the Court's adjudication of the motion. [Docs. 83, 95]. On May 16, 2022, our Court of Appeals held his case in abeyance pending its decision in *Hall v. United States*, No. 20-6848. *Michael Gorbey v. Morris*, Fourth Circuit Case No. 21-7684.

Ordinarily, under Rule 4 of the *Federal Rules of Appellate Procedure*, if a party files a notice of appeal after the Court's judgment but before it disposes of a motion for relief of a judgment under Rule 60 of the *Federal Rules of Civil Procedure*, the District Court may adjudicate

---

[1] Because the Motion was titled in the Alternative, it was docketed and processed as an appeal prior to the Court's adjudication of the Motion to Reconsider.

the motion to reconsider, and the "notice [of appeal] becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered." F.R.A.P. 4(a)(4)(A)(vi), 4(a)(4)(B)(i) (2021). *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 59-61 (1982) (noting the 1979 Amendments to the *Federal Rules of Appellate Procedure* "in order to prevent unnecessary appellate review, [gave] the district court . . . express authority to entertain a timely motion to alter or amend the judgment . . . even after a notice of appeal had been filed."). But here, the motion was filed in the alternative and processed as an appeal. The Court could adjudicate the motion to reconsider but for our Court of Appeals staying the case pending its opinion after oral argument in *Hall*. *Hall* concerns the denial of an inmate's application to proceed in forma pauperis ("IFP"). Specifically, Mr. Hall was a "three-striker" under 28 U.S.C. § 1915(g) and thus required to show he was in imminent danger of serious physical injury before proceeding IFP. The district court denied the application and concluded Mr. Hall could not establish a nexus between the relief of monetary damages sought in his Federal Tort Claims Act complaint and the circumstances creating the alleged imminent danger *See Hall v. United States*, No. 20-6848, Brief for Appellant at 7.

   The upcoming *Hall* opinion may affect the resolution of Mr. Feather-Gorbey's challenges on the merits. Thus, while ordinary procedure may permit the Court's adjudication of at least one of the motions to reconsider, an abundance of caution and deference to our Court of Appeals warrants the denial of both motions. Accordingly, Mr. Feather-Gorbey's Motion and Second Motion to Reconsider are hereby **DENIED** without prejudice**.** [Docs. 83, 95].

### III.

   Mr. Feather-Gorbey moves for the return of filing fees in these consolidated cases. [Doc. 86]. He also moves to "cure clerical-judicial mistakes" insofar as he asserts the debiting of

filing fees from his inmate trust account is improper. [Doc. 90]. Specifically, he again challenges the fact Magistrate Judge Aboulhosn filed his initial Proposed Findings and Recommendations[2] ("PF&R") recommending the Court grant the applications for leave to proceed IFP, but changed his recommendations in the second PF&Rs due to Mr. Feather-Gorbey's three-strikes under 28 U.S.C. § 1915(g) and failure to meet the imminent danger standard. He claims the second PF&Rs were issued as a result of the Government's "ex-parte filings"[3] and the Court's failure to provide him the opportunity to respond to the same. The Court adopted the second PF&Rs and denied him IFP status, yet he asserts the Court continues to improperly deduct money from his inmate trust account. [Doc. 86 at 3; Doc. 90 at 1 - 2].

The statute allowing a person to proceed in forma pauperis provides the following:

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without *prepayment* of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. . . .

28 U.S.C. § 1915(a)(1) (emphasis added). Stated differently, a person who successfully meets the criteria to proceed in forma pauperis is not required to pay the filing fees when she initiates the

---

[2] Two PF&Rs were issued in each of the first three captioned cases prior to the Court's consolidation. The PF&Rs were similar in each case: the first contained a recommendation of granting IFP status and the second recommended denial under the three-strikes provision. Only one PF&R was issued in the last captioned action, which recommended denial of IFP status and dismissal of the Complaint.

[3] These "ex-parte filings" are the Government's Notice and Motion to Reconsider Plaintiff's Filing Status as In Forma Pauperis and the accompanying Memorandum of Law which describe his litigation history as a "three-striker" under Section 1915(g) and his failure to meet the imminent danger standard. [Docs. 26, 27]. The Government's Notices and Motions were filed in the first three captioned cases on May 4, 2021, after Magistrate Judge Aboulhosn issued his first PF&Rs. Mr. Feather-Gorbey contends he never received these filings in any of the three cases, despite their filing on the docket, the Government's certification of service, and the dockets reflecting their mailing. Thus, he incorrectly considers them to be ex-parte communications. [Doc. 35 at 2].

action, but the fees must still be paid. "If a prisoner brings a civil action *or* files an appeal in forma pauperis, the prisoner *shall* be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1) (emphasis added). The prisoner must pay an initial partial filing fee of 20 percent of either his average monthly earnings or average monthly account balance, thereafter making monthly payments of 20 percent of the preceding month's income. 28 U.S.C. § 1915(b)(1) – (2). It follows if a prisoner submits an application to proceed IFP that is later denied, the filing fees become due immediately upon this statutorily mandated payment schedule. Mr. Feather-Gorbey's applications were denied, and dismissal of these consolidated actions does not relieve him of the obligation to pay the filing fees for each action.

Accordingly, the Court **DENIES** the motions. [Docs. 86, 90].

### IV.

Mr. Feather-Gorbey renews his motion to recuse the Undersigned, Chief Judge Johnston, and Magistrate Judges Aboulhosn, Eifert, and Tinsley. [Doc. 95]. The Court previously denied the motions to recuse the Undersigned. [Doc. 81]. Mr. Feather-Gorbey alleges the same grounds for recusal previously raised, adding a new contention concerning the judges' alleged attempt to "have Gorbey intimidated by U.S. Marshells [sic] on 12-21-21 in having Marshells [sic] to question Gorbey without Maranda [sic] rights regarding possible prosecutions for court pleadings the judges deem threatful [sic]." [Doc. 95 at 5]. The Court previously addressed this ground for recusal and found no merit. *See (Chief) Col. Michael S. Owl-Feather Gorbey v. Warden*, Civil Action No. 5:21-cv-00583, Doc. 10 at 4 ("He claims the Deputy United States Marshal questioned him regarding his filings, but he fails to show how this questioning -- in the presence

5

of his appointed counsel, no less -- both implicates the Undersigned's involvement and demonstrates judicial bias or prejudice.").

As before, he fails to provide any evidence which might show an extrajudicial source of bias or prejudice warranting disqualification beyond previously raised, unsubstantiated allegations. Thus, the Court **DENIES** the motion. [Doc. 95].

### VI.

Based upon the foregoing discussion, the Court **ORDERS** the following:

1. The Objections & Motion for Under Rule 59(e) or 60(b) for Reconsideration of Order or, as an Alternative, Notice of Appeal in All Cases is **DENIED** without prejudice insofar as the appeal remains pending before our Court of Appeals [Doc. 83];

2. The Omnibus Motion for Return of Filing Fees Seized in Cases 5:21-cv-00091, 209 & 210 and Demand for Compensation for Related Damages is **DENIED** [Doc. 86];

3. The Rule 36 Motion to Cure Clerical-Judicial Mistakes is **DENIED** [Doc. 90];

4. The Motion to Reconsider Denial of Leave to Proceed 1915(g) & or Order of Dismissal is **DENIED** [Doc. 95]; and

5. The Renewed Motion to Recuse Judges Volk, Aboulhosn, Johnston, & or Tinsley & Eifert is **DENIED** [Doc. 95].

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party.

ENTER: September 19, 2022



Frank W. Volk
United States District Judge